# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JESSICA CAROLINA ZACARIAS MARTINEZ, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. CIV-26-1381-SLP |
| FRED FIGUEROA, et al., | ) ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Jessica Carolina Zacarias Martinez, a citizen of Guatemala proceeding *pro se*,[1] filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging her detention by the U.S. Immigration and Customs Enforcement ("ICE").[2]  (Doc. 5).[3]  Chief United States District Judge Scott L. Palk referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).  (Doc. 3).  In accordance with the expedited briefing schedule, (Doc. 7), Respondents timely filed a Response.  (Doc. 9).  Petitioner filed a Reply and accompanying

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  But the court cannot serve as Petitioner's advocate, creating arguments on her behalf.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Petitioner is housed at Diamondback Correctional Facility in Watonga, Oklahoma.  (Doc. 5, at 1).

[3] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

declaration.  (Docs. 10, 11).  As fully set forth below, the undersigned recommends that the amended Petition be **GRANTED in part** because Petitioner's detention without a bond hearing violates the Immigration and Nationality Act ("INA").  The Court should order an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

I.    **Factual Background**

Petitioner is a citizen of Guatemala who applied for admission into the United States at the Camino Real Port of Entry Bridge on September 25, 2022.  (Doc. 9, at Ex. 1, at 1).  On the same date, ICE instituted removal proceedings against her through issuance of a Notice to Appear ("NTA"), alleging Petitioner was an arriving alien who was not in possession of necessary documentation.  (*Id.*)  Petitioner filed an I-589 Application for Asylum and Withholding of Removal on or about May 4, 2023, which she amended on October 30, 2025.  (Doc. 9, at 2; *id.* at Exs. 2-3).

Petitioner was apparently released at some point after the NTA was issued, as her initial I-589 notes that she was "non-detained," (*Id.* at Ex. 2, at 1), and she alleges her current detention began on August 19, 2025.  (Doc. 5, at 4).

An immigration judge ordered Petitioner's removal to Honduras on October 28, 2025, after which Petitioner filed an appeal that remains pending.  (Doc. 9, at 2-3); *see also* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last accessed July 30, 2026).  Thus, her removal order is not administratively final.  8 U.S.C. § 1101(a)(47)(B) (removal orders become administratively final upon the earlier of "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the

2

expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals").

Respondents assert that Petitioner is subject to mandatory detention under § 1225(b)(2)(A).  (Doc. 9, at 4 & n.5).  But Respondents also recognize that this matter is controlled by *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026).  (*Id.* at 1-2).

## II.    Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of her Petition:

1.    Her prolonged and unjustified detention without a bond hearing violates her right to due process.  (Doc. 5, at 6, 7).

2.    She is entitled to an individualized bond hearing where the government bears the burden to justify her continued detention.  (*Id*. at 6)

3.    She is not a danger to the community and does not pose a risk of flight.  (*Id.*)

As relief Petitioner requests immediate release from custody or, alternatively, an individualized bond hearing before an Immigration Judge.  (*Id*. at 7).  Petitioner seeks an injunction against further unlawful detention.  (*Id.*)  Further, Petitioner requests that the Court prohibit her removal or transfer during the pendency of this action without advance notice.[4]  (*Id.*)

While Respondents contend that Petitioner is held under 8 U.S.C. § 1225(b)(2)(A) and is not entitled to a bond hearing, they concede that the Tenth Circuit's recent decision in *Santillan Quiroz*, 180 F.4th 1226, "compels a different outcome." (Doc. 9, at 4).

---

[4] The undersigned already entered an order requiring 72-hours notice before removing, transferring, relocating, or otherwise moving Petitioner.  (Doc. 7, at 2).

"Respondents request that any order be limited to ordering a bond hearing within seven days." (*Id.*) They specifically request that the Court refrain from dictating the procedures for any bond hearing. (*Id.* at 5-6). And they ask the Court not to rule on Petitioner's remaining claims if it rules in Petitioner's favor on the basis of the INA. (*Id.* at 6-7).

In Reply, Petitioner "preserves her due-process position concerning the burden and standard of proof." (Doc. 10, at 2). But, she asserts that "if the Court concludes that those questions should first be presented in the administrative hearing, [she] requests that the Court grant the undisputed statutory relief now and leave any later dispute for consideration only if it becomes necessary. (*Id.* at 2-3).

## III.    Standard of Review

To obtain habeas corpus relief, Petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV.    Analysis

### A.    Under *Santillan Quiroz v. Mullin*, Petitioner Is Entitled To a Bond Hearing.

In order for the Court to determine whether Petitioner's current detention without a bond hearing violates the law, the Court must first determine what statute controls her

4

detention.  Under the INA, detention of aliens who are "applicants for admission"[5] and

"seeking admission" is mandatory under 8 U.S.C. § 1225(b)(2)(A).  By contrast, § 1226(a)

provides for the arrest of aliens on a warrant and grants ICE the discretion to continue

detention of the alien or to release the alien on bond.[6]

On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz,* holding "that

noncitizens who entered the United States and were thereafter detained in the interior of

the country are usually subject to § 1226(a) (and thus eligible for bond), not §

1225(b)(2)(A)."  180 F.4th at 1237.  The court reasoned based on the statutory text and

context that

> once a noncitizen has entered unlawfully, no amount of legal maneuvering
> allows him to go back in time and make his initial entry lawful. The only
> time a noncitizen can be said to be seeking admission is when he is seeking
> to enter the United States at the border.  Since § 1225(b)(2)(A) applies only
> to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border.

---

[5] 8 U.S.C. § 1225(a)(1) describes an "applicant for admission" as "an alien present in the
United States who has not been admitted or who arrives in the United States."  The statute
defines "admission" and "admitted" as "the lawful entry of the alien into the United States
after inspection and authorization by an immigration officer."  *Id*. § 1101(a)(13).

[6] The regulations accompanying the statute explain the various levels of review for a bond
determination.  An ICE officer makes the initial detention or release determination, and the
alien bears the burden of "demonstrat[ing] to the satisfaction of the officer that . . . release
would not pose a danger to property or persons, and that the alien is likely to appear for
any future proceeding."  8 C.F.R. § 236.1(c)(8).  If the officer determines the alien should
be detained, the alien can seek review of that decision at a bond hearing before an
immigration judge.  *Id*. § 236.1(d)(1).  An immigration judge's decision to detain may be
further appealed to the Board of Immigration Appeals ("BIA").  *Id*. § 236.1(d)(3).

*Id*. at 1239.  This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances.[7]

Based on the Tenth Circuit's decision in *Santillan Quiroz*, the undersigned concludes that Petitioner, who was detained in the interior of the United States after her prior release, is subject to detention under § 1226(a).  However, she has not been granted the bond hearing provided in that statute.  Thus, Petitioner has shown that she is in custody in violation of the laws of the United States, and she is entitled to habeas relief.  28 U.S.C. § 2241(c)(3).  A bond hearing is the appropriate remedy.  *Santillan Quiroz*, 180 F.4th at 1251 n.13.

**B.     The Court Should Decline to Reach Due Process or Burden Shifting.**

Petitioner asserts that her detention without a bond hearing violates due process, and also argues that the government should be required to bear the burden of proof at a bond hearing.  (Doc. 5, at 6, 7).  "[U]nder current BIA precedent, a noncitizen detained under

---

[7] The undersigned recognizes that the NTA charges Petitioner as an arriving alien and alleges Petitioner applied for admission at a port of entry.  (Doc. 9, at Ex. 1, at 1).  This would seemingly invoke 8 U.S.C. § 1225(b)(1), which provides for mandatory detention, although Respondents do not argue that it applies.  But Petitioner was released from custody at some point – though the parties do not provide information about the reason for her release.  Assuming she was granted humanitarian parole, she is still entitled to relief; indeed, the growing consensus in this Court is that individuals who have been granted humanitarian parole under 8 U.S.C. § 1182(d)(5)(A) and are later detained by ICE within the United States are considered detained under 8 U.S.C. § 1226(a).  *See Arevalo Castillo v. Figueroa*, No. CIV-26-162-HE, ECF No. 16 (W.D. Okla. July 7, 2026); *Ochilov v. Grant*, No. CIV-26-526-R, 2026 WL 1896139, at *1-2 (W.D. Okla. July 1, 2026); *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *2-3 (W.D. Okla. June 29, 2026); *Drozdov v. Lyons*, No. CIV-26-365-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026); *Kumar v. Johnson*, No. CIV-26-352-J, 2026 WL 937560, at *2 (W.D. Okla. Apr. 7, 2026); *Kudusov v. Grant*, No. CIV-26-132-HE, ECF No. 13, at *3-4.

section 1226(a) must demonstrate to the satisfaction of the Immigration Judge that he or she merits release on bond, even though section 1226(a) does not explicitly contain such a requirement.  To do so, the noncitizen must prove that he or she is neither a danger to the community nor a flight risk." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 27 (1st Cir. 2021) (citation modified). The majority of Judges in this District have either (a) declined to reach the issue of whether due process requires the government, rather than the non-citizen, to carry the burden of proving dangerousness or flight risk at a § 1226(a) bond hearing[8] and/or (b) determined that due process does not require the burden to shift to the government.[9]

---

[8] *See e.g.*, *Velazquez v. Johnson*, No. CIV-26-1111-J, 2026 WL 1999247, at *1 (W.D. Okla. July 10, 2026) (Judge Jones declining to address petitioner's due process claim and finding that the burden-shifting issue "is premature and not fit for adjudication at this stage"); *Karimov v. Grant*, No. CIV-26-639-J, 2026 WL 1493969, at *1 (W.D. Okla. May 28, 2026) (same where no party objected to the recommendation for burden shifting); *Tabares Martinez v. Grant*, No. CIV-26-545-SLP, 2026 WL 1908094, at *2 (W.D. Okla. July 2, 2026) (Chief Judge Palk declining, without comment, to adopt the recommendation for burden shifting); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) (Judge DeGiusti "declin[ing] to place the burden on the government to justify Petitioner's detention pending removal proceedings."); *Singh v. Figueroa*, No. CIV-26-600-R, 2026 WL 1181699, at *1 n.2 (W.D. Okla. Apr. 30, 2026) (Judge Russell "declin[ing] to specify or alter the burden of proof at this stage.") (citation omitted).

[9] *See e.g.*, *Adediran v. Figueroa*, No. CIV-26-801-J, Doc. 15, at 5 (W.D. Okla. July 24, 2026) ("Absent binding authority resolving this issue, and because Petitioner's request would substantially alter the existing framework, the Court declines to hold on this limited record that due process requires a different procedure."); *Pupo Socarras v. Figueroa*, No. CIV-26-0571-HE, 2026 WL 2100499, at *1 (W.D. Okla. July 21, 2026) ("[T]he Fifth Amendment Due Process clause is not offended by leaving the burden of proof on the non-citizen in a § 1226(a) bond hearing."); *Toro v. Mullin*, CIV-26-315-JD, Doc. 19, at 18 (W.D. Okla. May 12, 2026) ("Balancing all three factors, the Court agrees with the Fourth and Ninth Circuits in concluding that, at least on the facts of this case, § 1226(a)'s existing bond procedures supply adequate process.").

7

Acknowledging these decisions and in the interests of judicial economy, the undersigned recommends that the Court decline to address the issue.[10]

## V.      Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the amended Petition (Doc. 5) be **GRANTED in part**.  The undersigned recommends that the Court order Respondents to provide Petitioner an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release her from custody.

**The Court advises the parties of their right to object to this Report and Recommendation by August 6, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[11]  The Court advises the parties that failure to make timely objection to this report

---

[10] The undersigned has routinely recommended, on due process grounds, ordering a bond hearing that requires the government to prove dangerousness or risk of flight by clear and convincing evidence.  *See, e.g.*, *Velazquez v. Johnson*, No. CIV-26-1111-J, Doc. 11, at 6-19 (W.D. Okla. July 2, 2026).  In the absence of authority from the Supreme Court or the Tenth Circuit, the undersigned continues to find the First and Second Circuit's rulings on the issue persuasive, while acknowledging the well reasoned approach of members of this Court.  *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 39-40 (1st Cir. 2021) (holding that at a § 1226(a) bond hearing, due process requires the government to bear the burden of proving the alien's dangerousness by clear and convincing evidence or flight risk by a preponderance of the evidence); *Velasco Lopez v. Decker*, 978 F.3d 842, 855-57 (2d Cir. 2020) (holding that when an alien is subject to prolonged incarceration under § 1226(a), the appropriate remedy is a bond hearing at which the government bears the burden of proving dangerousness or flight risk by clear and convincing evidence).

[11] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations.  *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may

8

and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 30th day of July, 2026.

_____
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

---

be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").